**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SALEEM EL-AMIN, | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:16-CV-00060 |
| | : | |
| vs. | : | |
| | : | |
| SIX UNKNOWN FEDERAL | : | (Judge Rambo) |
| PRISON OFFICERS, et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

## Background

On December 7, 2015, Plaintiff Saleem El-Amin,
an inmate incarcerated at the United States Penitentiary
at Big Sandy, Inez, Kentucky, filed in the United States
District Court for the Eastern District of Pennsylvania
a 7-page handwritten complaint pursuant to 28 U.S.C. §
1331 and Bivens v. Six Unknown Named Agents of the
Federal Bureau of Narcotics, 403 U.S. 388 (1977).[1]

---

1.  Although El-Amin in the complaint refers to 42
U.S.C. § 1983, because El-Amin is a federal prisoner
and suing employees of the federal government for
alleged violations of his constitutional rights the
jurisdictional basis for the action is 28 U.S.C. § 1331
and Bivens.
    28 U.S.C. § 1331 states as follows: "The district
court shall have original jurisdiction of all actions
(continued...)

(Doc. 1-2.)  Along with his complaint, El-Amin submitted a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. 1.) On December 10, 2015, the Eastern District Court issued an order granting El-Amin leave to proceed in forma pauperis and transferring the case to this district. (Docs. 2.)  El-Amin was directed to pay the filing fee in installments. (Id.) The case was electronically filed in this district on January 13, 2016. (Doc. 4.)

El-Amin named as Defendants the following three individuals employed at the United States Penitentiary at Canaan, Waymart, Pennsylvania ("USP-Canaan") which is located in this district: (1) Chuck Maiorana, Warden, and (2) Corrections Officers Rosencrank and Lambert. (Doc. 1-2, at 1.)  El-Amin also names "six unknown federal prison officers" employed at USP-Canaan as

---

1.  (...continued)
arising under the Constitution, laws, or treaties of the United States."

Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

defendants. (Id.)  The complaint is rambling an disjointed but the court can discern that El-Amin is alleging that his rights under the Eighth Amendment were violated when he was exposed to certain conditions-of-confinement and when corrections officers failed to prevent another inmate from assaulting him. Specifically, El-Amin claims that on July 28, 2015, he was "called a creep," his "mattress, sheet, blanket was taken" from him and he was "forced to lay on concrete bricks in the observation cell 101 of [the] Special Housing Unit until lunch[.]" (Id. at 2.) El-Amin further claims that on August 28, 2015, he was removed from cell 101 by unidentified correctional officers and placed in cell 116 with inmate Mario Lee and that after being placed in that cell inmate Lee assaulted him. (Id. at 6.)  Finally, El-Amin claim that Warden Maiorana failed to train the corrections officers. (Id. at 4, 6.)  As relief, El-Amin requests an award of compensatory damages in the total amount of $650,000 from Warden Maiorana and the corrections officers. (Id. at 5.)

For the reasons set forth below, El-Amin's complaint will be dismissed with leave to file an amended complaint.

**Discussion**

The Prison Litigation Reform Act (the "PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit). Also, a new section was added which relates to screening complaints in prisoner actions.[2]

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not be issued if the

_____

2.  Section 1915(e)(2) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

complaint is malicious, presents an indisputably
meritless legal theory, or is predicated on clearly
baseless factual contentions.  Neitzke v. Williams, 490
U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d
772, 774 (3d Cir. 1989).  Indisputably meritless legal
theories are those "in which either it is readily
apparent that the plaintiff's complaint lacks an
arguable basis in law or that the defendants are clearly
entitled to immunity from suit . . . ."  Roman v.
Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting
Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir.
1990)).  The Supreme Court has recognized that "a
finding of factual frivolousness is appropriate when the
facts alleged rise to the level of the irrational or the
wholly incredible . . . ."  Denton v. Hernandez, 504
U.S. 25, 33 (1992); see also Roman, 904 F.2d at 194
(baseless factual contentions describe scenarios clearly
removed from reality).  The Third Circuit added that
"the plain meaning of 'frivolous' authorizes the
dismissal of in forma pauperis claims that . . . are of
little or no weight, value, or importance, not worthy of

serious consideration, or trivial." <u>Deutsch v. United States</u>, 67 F.3d 1080, 1083 (3d Cir. 1995).  It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. <u>Denton</u>, 504 U.S. at 33.

Even though a complaint is not frivolous it still may be dismissed under the screening provision of the PLRA if it fails to state a claim upon which relief may be granted.  Fed.R.Civ.P. 12(b)(6) is the basis for this type of dismissal.  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir.2009) (quoting <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231 (3d Cir.2008)).  While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations

are not required, Bell Atlantic Corp. v. Twombly, 550
U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929
(2007), a complaint must plead "enough facts to state a
claim to relief that is plausible on its face." Id. at
570, 550 U.S. 544, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d
929.  "The plausibility standard is not akin to a
'probability requirement,' but it asks for more than a
sheer possibility that a defendant has acted
unlawfully." Ashcroft v. Iqbal, ___U.S.___, 129 S.Ct.
1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550
U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and
conclusions" are not enough, Twombly, 550 U.S. at 555,
127 S.Ct. at 1964-65, and a court  "'is not bound to
accept as true a legal conclusion couched as a factual
allegation.'" Id., 127 S.Ct. at 1965 (quoted case
omitted).

        In resolving the issue of whether a complaint
states a viable claim, we thus "conduct a two-part
analysis." Fowler, supra, 578 F.3d at 210. First, we
separate the factual elements from the legal elements
and disregard the legal conclusions. Id. at 210-11.

Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. at 211 (quoted case omitted).

A person seeking to recover damages under Bivens must satisfy three requirements; he must: (1) assert that a constitutionally protected right has been violated; (2) state a cause of action sufficient to invoke the general federal question jurisdiction of the district court; and (3) demonstrate why money damages are the appropriate form of relief. See Muhammad v. Carlson, 739 F.2d 122, 123-4 (3d Cir. 1984).

Construing El-Amin's complaint liberally as the court must do, it appears that he is attempting to raise the following two claims under the Eighth Amendment: (1) a conditions-of-confinement claim and (2) a failure to protect claim.

However, as more fully explained below, it is clear that El-Amin does not meet the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure,[3] Iqbal and Twombly.

A defendant's conduct must have a close causal connection to a plaintiff's injury in order for liability under Bivens to attach. See Martinez v. California, 444 U.S. 277, 285 (1980).  A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights.  See Monell v. Department of Social Serv. of the City of N.Y., 436 U.S.

---

3. Although there is not a heightened pleading standard in a Bivens action, such a complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer. A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials. Pro se parties are accorded substantial deference and liberality in federal court. Haines v. Kerner, 404 U.S. 519 (1972); Hughes v. Rowe, 449 U.S. 5 (1980).  They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader.

658, 694-95 (1978); <u>Gay v. Petsock</u>, 917 F.2d 768, 771 (3d Cir. 1990); <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

A plaintiff must allege that each named defendant was personally involved in the events or occurrences that underlie the claim. <u>See</u> <u>Atkinson v. Taylor</u>, 316 F.3d 257 (3d Cir. 2003), (citations omitted). Liability may not be imposed under <u>Bivens</u> on the principle of respondeat superior. <u>Capone v. Marinelli</u>, 868 F.2d 102, 106 (3d Cir. 1989) (citing <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077, 1082 (3d Cir. 1976)). Rather, "supervisory personnel are only liable for the [<u>Bivens</u>] violations of their subordinates if they knew of, participated in or acquiesced in such conduct." <u>Id.</u> at 106 n.7.

With respect to Warden Maiorana, there are no allegations in the complaint from which it can be concluded that the Warden was involved in any incidents which violated El-Amin's civil rights. There is no basis to conclude that he knew of, participated in or acquiesced in any unlawful conduct. El-Amin in a

10

completely conclusory manner merely indicates he failed
to train corrections officers. Consequently, the claims
against the Warden will be dismissed.

There are several types of Eighth Amendment
claims, including a claim of exposure to adverse
conditions of confinement, and the failure of
corrections officials to prevent an assault by another
inmate.  However, each type of claim has two basic
components: an objective and a subjective component.
Wilson v. Seiter, 501 U.S. 294, 298 (1991).  Serious
hardship to the prisoner is required to satisfy the
Eighth Amendment's objective component. Id.  The
subjective component is met if the person or persons
causing the deprivation acted with "a sufficiently
culpable state of mind." Id.

More specifically, with respect to a condition-
of-confinement claim, the deliberate indifference
standard requires "extreme deprivations [] to make out a
[] claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992).
Part of the penalty facing those who violate the norms
of society is routine discomfort. Id.; Rhodes v.

Chapman, 452 U.S. 337, 346 (1981).  The Eighth Amendment does not require that inmates be provided with comfortable prisons. Rhodes, 452 U.S. at 349; Loe v. Wilkinson, 604 F. Supp. 130, 133-34 (M.D. Pa. 1984).  To determine whether conditions of confinement are in violation of the Eighth Amendment, a court must look at the totality of the circumstances.  Tillery v. Owens, 907 F.2d 418, 426 (3d Cir. 1990). The United States Supreme Court described the standard for determining deliberate indifference with respect to conditions of confinement as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The Court added that "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

With respect to the Defendants, there are no allegation in the complaint from which it could be concluded that El-Amin was exposed to anything other than temporary discomfort or that Defendants were deliberately indifferent to the adverse conditions of confinement.

As for an Eighth Amendment failure to protect claim, it is clear there is a requirement that prison officials protect an inmate from assaultive behavior engaged in by other inmates.  However, in order for liability to attach the prison official must be deliberately indifferent to the need for security or safety measures to protect the inmate.

 The Eighth Amendment's prohibition against the infliction of cruel and unusual punishment has been interpreted to impose upon prison officials a duty to take reasonable measures "'to protect prisoners from violence at the hands of other prisoners.'" Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997) (quoting Farmer v. Brennan, 511 U.S. at 833). Although, "[i]t is not . . . . every injury suffered by one prisoner at the hands of

another that translates into constitutional liability
for prison officials responsible for a victim's safety,"
"[b]eing violently assaulted in prison is simply not
'part of the penalty that criminal offenders pay for
their offenses against society.'" Farmer, 511 U.S. at
834 (quoting Rhodes v. Chapman, 452 U.S. 337, 345
(1981)).  A plaintiff, however, must prove more than
that he had a fight with another inmate, see Beard v.
Lockhart, 716 F.2d 544, 545 (8th Cir. 1983), and mere
negligent conduct that leads to serious injury of a
prisoner by a prisoner does not expose a prison official
to liability under Bivens. Davidson v. Cannon, 474 U.S.
344, 347-48 (1986). To succeed, a prisoner must show
that: (1) he was incarcerated under conditions posing a
substantial risk of serious harm; (2) the defendant was
"aware of facts from which the inference could be drawn
that a substantial risk of serious harm exists"; (3) the
defendant actually drew this inference; and (4) the
defendant deliberately disregarded the apparent risk.
Farmer, 511 U.S. at 834-37.

In determining whether a defendant was deliberately indifferent, the court must "focus [on] what a defendant's mental attitude actually was (or is), rather than what it should have been (or should be)." Hamilton v. Leavy, 117 F.3d at 747. It is not an objective test for deliberate indifference; rather, the court must look to what the prison official actually knew, rather than what a reasonable official in his position should have known. "A prison official's knowledge of a substantial risk is a question of fact and can, of course, be proved by circumstantial evidence." Id. In other words, it may be concluded that a prison official knew of a substantial risk from the very fact that the risk was obvious. The Farmer Court explained in hypothetical terms the type of circumstantial evidence sufficient for a finding of actual knowledge on the part of a prison official:

> [I]f an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was 'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past,' and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it, then

> such evidence could be sufficient to permit a
> trier of fact to find that the defendant-
> official had actual knowledge of the risk.

Farmer, 511 U.S. at 842-43. Farmer, 511 U.S. at 842-43.

El-Amin does not specify what information was relayed to the Defendants regarding inmate Lee. There are no allegations in the complaint from which it can be concluded that there was a substantial risk of El-Amin being attacked by inmate Lee and that Defendants were exposed to that information. Consequently, the failure to protect claim against Defendants will be dismissed.

Although the complaint as filed fails to state a cause of action against any of the named defendants, it is possible that the deficiencies may be cured by amendment. Consequently, El-Amin will be granted such an opportunity. El-Amin is also advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the complaint already filed. Such amended complaint should set forth his claims in short, concise and plain statements. It should specify which actions are alleged as to which defendants. If El-Amin fails to

file an amended complaint adhering to the standards set forth above, this case will be closed.  El-Amin should also utilize the court's civil rights complaint form in submitting his amended complaint. <u>See</u> M.D.Pa. Local Rule 4.7(a)("The prisoner/plaintiff should complete and file the court-approved forms when initiating a civil complaint.").

An appropriate order will be entered.


 s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

September 14, 2016