## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SALEEM EL-AMIN, | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:16-CV-00060 |
| | : | |
| vs. | : | |
| | : | |
| SIX UNKNOWN FEDERAL | : | (Judge Rambo) |
| PRISON OFFICERS, et al., | : | |
| | : | |
| Defendants | : | |

### MEMORANDUM

### Background

On December 7, 2015, Plaintiff Saleem El-Amin, an inmate incarcerated at the United States Penitentiary at Big Sandy, Inez, Kentucky, filed in the United States District Court for the Eastern District of Pennsylvania a 7-page handwritten complaint pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1977). (Doc. 1-2.) Along with his complaint, El-Amin submitted a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. 1.) On December 10, 2015, the Eastern District Court issued an order granting El-Amin leave to proceed in forma pauperis and transferring the

case to this district. (Docs. 2.)  El-Amin was directed to pay the filing fee in installments. (Id.) The case was electronically filed in this district on January 13, 2016. (Doc. 4.)

El-Amin named as Defendants the following three individuals employed at the United States Penitentiary at Canaan, Waymart, Pennsylvania ("USP-Canaan") which is located in this district: (1) Chuck Maiorana, Warden, and (2) Corrections Officers Rosencrank and Lambert. (Doc. 1-2, at 1.)  El-Amin also named "six unknown federal prison officers" employed at USP-Canaan as defendants. (Id.)  The complaint was rambling and disjointed but the court could discern that El-Amin was alleging that his rights under the Eighth Amendment were violated when he was exposed to certain conditions-of-confinement and when corrections officers failed to prevent another inmate from assaulting him.  By memorandum and order of September 14, 2016, EL-Amin's complaint was dismissed with leave to file an amended complaint.  The court incorporates herein the reasoning set forth in the memorandum of September 14, 2016.

On September 26, 2016, El-Amin filed an amended complaint against Correctional Officers Rosencrank and Lambert.  The amended complaint suffers from the same defects as the original complaint.  El-Amin merely alleges that Correctional Officers Rosencrank and Lambert failed to provide him the "dinner meal in the special housing unit" on July 28, 2015.

As stated in the memorandum of September 14, 2016, with respect to a condition-of-confinement claim, the deliberate indifference standard requires "extreme deprivations [] to make out a [] claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992).  Part of the penalty facing those who violate the norms of society is routine discomfort. Id.; Rhodes v. Chapman, 452 U.S. 337, 346 (1981).  The Eighth Amendment does not require that inmates be provided with comfortable prisons. Rhodes, 452 U.S. at 349; Loe v. Wilkinson, 604 F. Supp. 130, 133-34 (M.D. Pa. 1984).  To determine whether conditions of confinement are in violation of the Eighth Amendment, a court must look at the totality of the circumstances. Tillery v. Owens, 907 F.2d 418, 426 (3d Cir. 1990). The

United States Supreme Court described the standard for determining deliberate indifference with respect to conditions of confinement as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

<u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). The Court added that "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." <u>Id.</u> at 842.

With respect to the Correctional Officers Lambert and Rosencrank, there are no allegations in the complaint from which it could be concluded that El-Amin was exposed to anything other than temporary discomfort or that Defendants were deliberately indifferent to the adverse conditions of confinement. Consequently, the amended complaint will be dismissed for failure to state a claim upon which relief may be granted without further leave to file a second amended complaint.

An appropriate order will be entered.

                     s/Sylvia H. Rambo
                     SYLVIA H. RAMBO
                     United States District Judge

September 4, 2016.